IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARVELL WILLINGHAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WINGSTAR TRANPORTATION, LLC and MIKHEILI KOBIAHVILI, | ) ) ) |
| Defendants. | ) ) |

## PETITION

NOW COMES Plaintiff, Marvell Willingham, by and through his attorneys, Hipskind & McAninch, LLC, and for his Petition against Defendants, Mikheili Kobiahvili and Wingstar Transportation, LLC, states as follows:

## FACTS

1. Plaintiff is a resident of the state of Missouri.

2. Defendant Wingstar Transportation, LLC, is a corporation formed under the laws of state of Ohio doing business in the state of Missouri.

3. Defendant Mikheili Kobiahvili is a resident of the state of New York.

4. On February 4, 2023, Plaintiff was the driver of a 2018 Chevrolet Equinox traveling westbound on Interstate 70 at or near intersection with North Kingshighway. Defendant, Mikheili Kobiahvili, was the operator of 2020 Dodge Ram 3500 Van, owned and/or under the control of Defendant, Wingstar Transportation, LLC, traveling westbound on Interstate 70 at or near intersection with North Kingshighway.

5. At said time and place, Defendant veered into Plaintiff's lane of traffic causing him to lose control and flip his vehicle.

6. At all relevant times, the Defendant owed Plaintiff a duty to exercise due care, maintain a proper lookout, and to operate his vehicle in a safe and reasonable manner in compliance with Missouri law.

7. The collision was due to the negligent and careless acts and omission of the Defendant Wingstar Transportation, LLC acting by and through its employee Defendant Mikheili Kobiahvili who was guilty of negligent acts and omissions proximately causing the collision and damages.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties, and the amount in controversy for each Plaintiff exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district, a substantial part of the property that is subject of this action is situated in this district, or because both Defendants are currently subject to personal jurisdiction in this district.

## COUNT I
### (Mikheili Kobiahvili)

10. Plaintiff adopts and incorporates paragraphs 1-7 as though fully set forth herein.

11. Despite the duty owed to Plaintiff, the Defendant committed one or more of the following negligent acts or omissions:

    a) Negligently and carelessly failed to operate his vehicle in a safe and proper manner;

    b) Negligently and carelessly failed to keep a proper lookout;

   c)  Negligently and carelessly failed to keep his vehicle under control as to avoid a collision;

   d)  Negligently and carelessly failed to use every precaution to avoid a collision;

   e)  Negligently and carelessly proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

   f)  Negligently and carelessly failed to decrease her speed, stop or swerve so as to avoid colliding with another vehicle; and/or

   g)  Was otherwise negligent and careless in the operation of the vehicle he was driving.

12. As a direct and proximate result of the aforesaid occurrence, Plaintiff was caused to sustain the following serious and permanent bodily injuries to wit: he sustained injuries to his neck, back and right knee; he sustained pain and suffering in the past and has suffered and will continue to experience pain and suffering in the future.

13. As a direct and proximate result of the aforesaid injuries, Plaintiff has been caused to undergo extensive therapeutic and medical care and treatment as well as hospital care and treatment and will be required to undergo further such care and treatment in the future.

14. As a direct and proximate result of the aforesaid injuries, Plaintiff has become indebted for medical expenses relating to the aforesaid medical care and treatment and will be required to become indebted for additional expenses for further medical care and treatment in the future, the cost of which is unknown.

15. As a direct and proximate result of aforesaid injuries, Plaintiff is at an increased risk of future surgery.

WHEREFORE Plaintiff prays for judgment against the Defendant in an amount to exceed seventy-five thousand ($75,000.00) and any other relief the Court deems just and equitable.

## COUNT II
## (Wingstar Transportation, LLC)

16.   Plaintiff adopts and incorporates paragraphs 1-7 as though fully set forth herein.

17.   On February 4, 2023, Mikheili Kobiahvili was the employee, agent, servant or independent contractor of Defendant.  Accordingly, Defendant is vicariously liable for the acts of Mikheili Kobiahvili.

18.   At all relevant times, Mikheili Kobiahvili was operating a 2020 Dodge Ram 3500 Van westbound on Interstate I-70 in St. Louis City, Missouri at the direction and control of Defendant and within the course and scope of his employment with Defendant.

19.   While operating said vehicle at the direction and/or control of Defendant, Defendant veered into Plaintiff's lane of traffic causing him to lose control and flip his vehicle over until coming to a rest on the side of the road.

20.   At all relevant times, Defendant by and through its employee/agent, Mikheili Kobiahvili, had a duty to operate said tractor trailer with the highest degree of care so not to endanger other motorists.

21.   Despite the duty owed to Plaintiff, Defendant by and through its employee/agent, Mikheili Kobiahvili, was negligent in one or more of the following ways:

   a. Mikheili Kobiahvili failed to keep a careful lookout ahead to see and discover other vehicles on the road;

   b. Mikheili Kobiahvili was distracted or inattentive while operating the van;

   c. Mikheili Kobiahvili knew or by the use of the highest degree of care should have known that there was a reasonable likelihood of collision with Plaintiff's vehicle in time to have stopped or swerved, but failed to do so;

   d. Mikheili Kobiahvili drove the van while tired/fatigued;

      e. Mikheili Kobiahvili drove the van when not properly qualified to do so;

      f. Mikheili Kobiahvili failed to operate the van in a safe and prudent manner; and/or

      g. Mikheili Kobiahvili failed to use the highest degree of care in the operation of the van.

22. As a direct and proximate result of the aforesaid occurrence, Plaintiff was caused to sustain the following serious and permanent bodily injuries to wit: he sustained injuries to his neck, back and right knee; he sustained pain and suffering in the past and has suffered and will continue to experience pain and suffering in the future.

23. As a direct and proximate result of the aforesaid injuries, Plaintiff has been caused to undergo extensive therapeutic and medical care and treatment as well as hospital care and treatment and will be required to undergo further such care and treatment in the future.

24. As a direct and proximate result of the aforesaid injuries, Plaintiff has become indebted for medical expenses relating to the aforesaid medical care and treatment and will be required to become indebted for additional expenses for further medical care and treatment in the future, the cost of which is unknown.

25. As a direct and proximate result of aforesaid injuries, Plaintiff is at an increased risk of future surgery.

WHEREFORE Plaintiff prays for judgment against the Defendant in an amount to exceed seventy-five thousand ($75,000.00) and any other relief the Court deems just and equitable.

Respectfully Submitted,

**HIPSKIND & MCANINCH, LLC**

By: /s/ John Hipskind
John Hipskind, #61530
5111 West Main Street
Belleville, Illinois 62226
Phone: 618-641-9189
Fax: 618-551-2642
john@hm-attorneys.com
*Attorney for Plaintiff*